Metcalf, J.
By the Rev. Sts. c. 18, §§ 3, 4, “ when a fire shall break out in any town,” “ the firewards, who shall be present at the place in immediate danger from any fire, or any three of them, and, where no firewards are appointed, the selectmen present, or, in their absence, two or more of the civü officers present, or, in their absence, two or more of the chief military officers of said town present, shall have power to direct the pulling down or demolishing of any such house or building as they shall judge necessary to be pulled down or demolished, in order to prevent the further spreading of the fire.” And by § 7, “ in case the pulling down or demolishing of any house or building, by direction of the firewards, or other officers aforesaid, shall be the means of stopping the said fire, or if the fire shall stop before it come to the same, then every owner of such house or building shall be entitled to recover a reasonable compensation therefor from the town; but when the building, so pulled down or demolished, shall be that in which the fire first began and broke out, the owner thereof shall receive no compensation therefor.”
The plaintiff has brought this action, under the foregoing statutory provisions, to recover compensation for the destruction of a dwelling-house. The declaration avers that he, on the 2d of June, 1838, was the owner of a dwelling-house in the town of Nantucket, of the value of $650; that a fire broke out, on that day, in the immediate vicinity of said house, and was making rapid progress towards it, and had nearly reached it; that said house “ was then and there blown down and demolished,” “ by order of the firewards of said town ” of Nantucket, “ for the purpose of arresting the progress of said fire, and was then totally destroyed; ” that “ the pulling down and demolishing of said dwelling-house was the means of stopping the said fire; ” and that, by reason thereof, and “ by force of the statute in such case provided, the defendants became liable to pay the plaintiff a reasonable compensation for said house.” At the trial before Mr. Justice Wilde, the plaintiff put into the case “ an act to establish a fire department in the town of Nantucket,” (St. 1838, c. 7,) by the first section of which the inhabitants of that town were empowered to choose “ a nnm *271 ber of persons, not exceeding twenty, to be firewards,” who should “ have all the powers, perform all the duties, and be liable to all the penalties attached to the office of firewards by the laws of this commonwealth.” By §§ 2 and 4, these fire-wards were directed to organize themselves into a board, and the board were directed to appoint three of their number, as general directors, who should “ have the general direction of ad the operations at fires.”
The plaintiff then introduced evidence that, agreeably to the provisions of said act, firewards were chosen, and that they organized, and chose three of their number to be general directors. He next offered evidence that one of these general directors, with the aid of other persons, who were not fire-wards, carried gunpowder into the plaintiff’s dwelling-house, during the progress of the fire, and that, under the orders of said director, said house was blown up and destroyed, for the purpose of stopping the fire. But the judge ruled, that “ unless the plaintiff proposed to show that the house was destroyed by the order or under the direction of more than one of said directors, this action could not be maintained.”
The plaintiff then offered in evidence the by-laws of the said board of directors, by which one director was authorized in urgent cases, to exercise the power of the whole board. The judge ruled that this evidence was inadmissible, and he rejected it.
The case was thereupon taken from the jury, by consent of the parties, and reserved for the final disposition thereof by the whole court.
The court are of opinion that the rulings at the trial were correct. The general law (Rev. Sts. c. 18, §§ 4, 7,) already recited, requires the concurrence of at least three firewards, when any firewards are appointed, to justify an order to pull down or demolish a building; and it is only when a building is pulled down or demolished by order of three firewards, or by the other officers mentioned, when no firewards are appointed, that the owner is entitled to compensation from the town. It may be, however, that this general law is altered, as to Nantucket, by the fourth section of the act to establish a *272 fire department there, which gives to the three general directors the general direction of all operations at fires. For by Rev. Sts. c. 2, § 6, clause 3d, “ all words, purporting to give a joint authority to three or more public officers or other persons, shall be construed as giving such authority to a majority of such officers or other persons, unless it shall be otherwise ex pressly declared in the law giving the authority.” It is not necessary, however, to decide this question, at this time. For, assuming that the general law is thus altered, yet the ruling that the action could not be maintained, unless it should be shown that more than one of the general directors ordered the plaintiff’s house to be destroyed, was clearly right, upon the evidence which was before the judge when the ruling was made.
The question then arises, whether the by-laws of the board ■ of firewards, which the plaintiff afterwards offered in evidence, for the purpose of obtaining a change in the judge’s ruling, ought to have been received. And we are of opinion that this evidence was rightly rejected ; for it could not have had any legal effect if it had been received. The board of firewards were not a corporation, and had no authority, beyond what was conferred by the act establishing a fire department in the town of Nantucket, to make any by-laws affecting third persons. And by § 7 of that act the board were authorized to establish by-laws for certain specified purposes only, namely, “ to prohibit or regulate the carrying of fire, firebrands, lighted matches, or any other ignited materials, openly in the streets and thoroughfares of said town, and to prohibit any owners or occupants of any building within said town, from erecting any defective chimney, hearth, oven, stove or stove-pipe, fire-frame, or other fixture, or of making any deposit of ashes, or other materials, which may be the means of kindling or spreading fire, or of giving just cause of alarm.” A by-law of the board, therefore, empowering a single member to exercise, in any case, the authority of the whole board, was void, not only because the board had no power to make any by-law on that subject, but because it was repugnant to the laws of the commonwealth.
H. H. Fuller and R. F. Fuller, for the plaintiff.
T. G. Coffin, for the defendants.
Besides; as the plaintiff’s declaration averred that his house was destroyed “ by order of the firewards ” of the town, proof that it was destroyed by order of a single fireward would not have maintained the action. This difficulty, however, might have been removed by an amendment, if the offered evidence, had been admissible. Plaintiff nonsuit.